UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

WEST COAST QUARTZ CORP.,

Plaintiff,

v.

M.E.C. TECH, INC.,

Defendant.

Civil Action No.: 16-cv-2280 (PGS)(LHG)

MEMORANDUM AND ORDER

This matter comes before the Court on a Motion to Strike the Answer of the Defendant M.E.C. Tech, Inc. ("M.E.C.") (ECF No. 3). In this action, West Coast Quartz Corporation ("West Coast") filed a complaint on April 22, 2016 against M.E.C. alleging they failed to pay invoices for a series of sales of industrial components and materials, totaling approximately $366,044, not including accrued interest of 1.5% per month for all the past due invoices. On June 4, 2016, M.E.C. Tech, Inc. filed its Answer. On October 3, 2016, West Coast served three written discovery requests upon M.E.C. for which responses were due on November 11, 2016. M.E.C. failed to provide Request for Production of Documents and Interrogatories by November 11, 2016.

On November 15, 2016, West Coast's counsel Brian Song sent a discovery demand letter. Defendant's counsel, Richard M. Sasso, sent a reply letter on November 16, 2016 stating "I cannot tell you when you might be in receipt of the same." On or around November 17, 2016, West Coast sent a letter proposing the parties enter into a stipulated issue or evidence sanction as a remedy concerning the Defendant's failure to respond and on November 18, 2016, Mr. Sasso rejected West Coast's proposal.

On November 21, 2016, West Coast's attorney sent a letter to Magistrate Judge Goodman and requested an Order compelling discovery responses. Judge Goodman held a hearing on December 5, 2016. During the hearing, Mr. Sasso acknowledged that his client (M.E.C.) failed to provide discovery and non-responsiveness. Judge Goodman ordered M.E.C. to serve certified responses to the discovery requests by December 30, 2016. (ECF No. 12). M.E.C. failed to respond and serve certified responses as required by the Court's Order.

On January 9, 2016, the Court held a telephone status call regarding the discovery request status. Mr. Sasso admitted that M.E.C. had not returned his phone calls, not paid any legal fees and certified mail sent to M.E.C. was returned. To date, M.E.C. has not complied with the Court's December 21, 2016 Order.

On February 20, 2017, West Coast filed the First Motion to Strike Answer of Defendant. (ECF No. 14).

In determining whether to sanction or dismiss a case for lack of prosecution including failure to provide discovery, the Court considers six factors set forth in the Third Circuit case of *Poulis v. State Farm Fire & Cas. Co.* ("*Poulis* factors"). The *Poulis* factors include: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. The Court is required to balance each factor in its analysis and no single factor is determinative. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984).

1. Extent of Party's Personal Responsibility

With respect to the first *Poulis* factor, the Court finds the Defendant M.E.C. has failed to diligently pursue this litigation. All litigants must comply with court orders. M.E.C. Tech Inc. has failed to provide discovery or respond in any manner to the discovery requests. Thus, the first *Poulis* factor weighs in favor of West Coast.

2. Prejudice to Plaintiff

The second *Poulis* factor requires examination of the prejudice to other parties caused by the delay. This factor weighs in favor of striking the Answer and entering a Default Judgment against M.E.C. "While prejudice for the purpose of *Poulis* analysis does not mean 'irremediable harm,' the burden imposed by impeding a party's ability to prepare effectively a full and complete trial strategy is sufficiently prejudicial." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d. Cir. 2003). Prejudice includes "deprivation of information through noncooperation with discovery, and costs expended obtaining court orders to force compliance with discovery." *Adams v. Tr. of the N.J. Brewery Emp. Pension Tr. Fund*, 29 F.3d 863, 874 (3d. Cir. 1994). West Coast cannot properly pursue this claim because of M.E.C.'s failure to comply with discovery obligations. M.E.C. has ignored the Court's Order and counsel, Mr. Song's points of contact. Without discovery, West Coast has insufficient information and has been impeded from preparing a summary judgment motion, thereby suffering prejudice. Thus, the second *Poulis* factor weighs in favor of West Coast's request.

3. History of Dilatoriness

With respect to the third *Poulis* factor, "extensive or repeated delay or delinquency constitutes a history of dilatoriness." *Id.* This includes consistent non-response to interrogatories, or consistent

tardiness in complying with court orders. *Id.* If unable to comply with time limits, counsel may request an extension to the court. Under *Poulis*, "time limits imposed by the rules and the court serve an important purpose for the expeditious processing of litigation." *Poulis*, 747 F.2d at 868. "A history by counsel of ignoring these time limits is intolerable." *Id.* Judge Goodman ordered M.E.C. to serve certified responses to the discovery requests by December 30, 2016. M.E.C. failed to respond to the Court's Order and outreach from counsel, Mr. Song. The Defendant has not sought an extension of time from the Court nor explained the failure to respond and has continued to delay discovery by failing to provide responses. The delay in the case caused by the Defendant weighs in favor of West Coast's request.

4. <u>Willfulness or Bad Faith</u>

The fourth *Poulis* factor looks to whether the actions of a party suggest willfulness or bad faith. The Court finds that willfulness or bad faith where no reasonable excuse for the conduct exists. *Ware*, 322 F.3d at 224. As set forth above, the Defendant has failed to provide West Coast with any responses to its discovery requests, has failed to respond to counsel and has not provided any explanations for his lack of participation. The Court construes this as willful. Thus, the fourth *Poulis* factor weighs in favor of West Coast's request.

5. <u>Alternative Sanctions</u>

With respect to the fifth *Poulis* factor, the Court considers whether alternative sanctions would be effective. "The defendant's non-responsiveness despite notice of these proceedings and the consequences ... demonstrates that no sanction other than striking its Answer and allowing the plaintiff to seek default... will cure the prejudice." *Temptime Corp. v. Timestrip PLC*, No. 08-4277, 2009 WL 1560205, at *2 (D.N.J. June 2, 2009). The Defendant has had time to respond to

the discovery request and has chosen not to do so. This demonstrates a lack of desire to defend this matter. An alternative sanction would likely do little to prompt the Defendant's compliance due to the fact that this Court's December Order went ignored and the Defendant is also ignoring counsel, Mr. Sasso. Additional opportunities would be futile. The Court finds that the appropriate sanction for the Defendant's failure to comply with a court order and failure to defendant against West Coast's claims is striking M.E.C.'s Answer and entering default against the Defendant.

6. Meritoriousness of Claim or Defenses

Here, it is difficult to assess the final *Poulis* factor due to the Defendant's lack of participation in this matter. However, because *Poulis* is a balancing test, "each factor need not be satisfied for the trial court to dismiss a claim." *Ware*, 322 F.3d at 221. Therefore, the sixth factor weighs in West Coast's favor.

After weighing the *Poulis* factors, West Coast's motion to strike the answer of the Defendant and enter default is the appropriate relief.

### ORDER

IT IS on this 9th day of May, 2017;

ORDERED that the Answer of M.E.C. is stricken (ECF No. 3); and it is further;

ORDERED that default judgment against Defendant M.E.C. is entered.

*/s/ Peter G. Sheridan*
PETER G. SHERIDAN, U.S.D.J.